**UNITED STATES COURT OF APPEALS
FIFTH CIRCUIT**

_____

No. 98-30144
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

FRANCISCO LOZA-INIGUEZ, also known as Juan Gutierrez-Martinez, also known as Salvador Gutierrez-Martinez, also known as Salvadore Gutteriz,

Defendant-Appellant.

Appeal from the United States District Court
for the Eastern District of Louisiana
(96-CR-115-1-S)

February 11, 1999

Before EMILIO M. GARZA, DeMOSS, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Francisco Loza-Iniguez ("Loza") appeals his conviction and sentence for illegal re-entry into the United States, in violation of 8 U.S.C. § 1326(a) and (b). Loza argues that the district court erred in determining that he was competent to stand trial, that the court erred in admitting extrinsic-act evidence showing that he had been deported on eight prior occasions, and that the court abused its discretion in departing upward from the sentencing range prescribed by the Sentencing Guidelines.

A district court's determination of competency to stand trial may not be set aside unless it is "clearly arbitrary or unwarranted." _United States v. Dockins_, 986 F.2d 888, 890 (5th Cir. 1993). The district court's finding that Loza was competent to stand trial was supported by the opinions of two psychiatrists and by the district court's own observations of the defendant. Consequently, that finding

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

was not arbitrary or unwarranted, and must be upheld.

We review a district court's evidentiary rulings for abuse of discretion. *See United States v. LeBaron*, 156 F.3d 621, 624 (5th Cir. 1998). To admit evidence of prior bad acts, that evidence (1) must be relevant to an issue other than the defendant's character, and (2) must have probative value that is not substantially outweighed by undue prejudice. *See United States v. Misher*, 99 F.3d 664, 670 (5th Cir. 1996), *citing* FED. R. EVID. 404(b). By asserting an insanity defense, Loza put his intent at issue. Evidence of Loza's repeated prior re-entries and deportations tended to prove that Loza's presence in the United States was intentional. *See United States v. Osum*, 943 F.2d 1394, 1404 (5th Cir. 1991). It therefore undermined his insanity defense.

Furthermore, the temporal remoteness of some of the deportations admitted did not fatally diminish their probity. Although some of the deportations admitted were eighteen and nineteen years old, one was only three years old. The age of prior bad acts "has never been held to be a *per se* bar to its use." *United States v. Hernandez-Guevara*, ___ F.3d ___, No. 97-50946, 1998 WL 856888, at *7 (5th Cir. Dec. 11, 1998). We have upheld the admission of prior bad acts that were eighteen years old where, as here, those acts "involve exactly the same crime as was charged," *i.e.*, illegal entry into the United States. *Id.* Finally, the evidence of Loza's prior bad acts was not unduly prejudicial where the only disputed issue is Loza's intent. *See Osum*, 943 F.2d at 1404. Thus the district court did not abuse its discretion in admitting evidence of Loza's prior deportations.

We review a district court's decision to depart upward from the Sentencing Guidelines for abuse of discretion. *See United States v. Ashburn*, 38 F.3d 803, 807 (5th Cir. 1994) (en banc). The Guidelines authorize an upward departure when "reliable information indicates that the criminal history category does not adequately reflect the seriousness of the defendant's past criminal conduct or the likelihood that the defendant will commit other crimes. . . ." U.S.S.G. § 4A1.3. The district court found that "[Loza's] extensive criminal history is of the kind and to the degree that had not been adequately taken into consideration by the Sentencing Guidelines." It based this finding on Loza's ten prior deportations and seven prior convictions, which included violent crimes and drug-

related offenses and spanned three states. Such behavior is adequate grounds for an upward departure. *See United States v. Rosogie*, 21 F.3d 632, 634 (5th Cir. 1994) (upholding an upward departure where defendant had been convicted and deported numerous times and committed crimes in several states). Thus the district court's decision to upwardly depart from the Guidelines was not an abuse of discretion.

AFFIRMED.